# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re: O'DEA, PAUL BRIAN § Case No. 10-75285
     O'DEA, CHRISTINE ELISE §
      §
Debtor(s) CLARK, CHRISTINE §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on October 25, 2010. The undersigned trustee was appointed on January 05, 2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of     $ 48,246.56

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 5,996.31 |
| Bank service fees | 80.98 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]   $ | 42,169.27 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 03/17/2011 and the deadline for filing governmental claims was 03/17/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $5,574.66. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,574.66, for a total compensation of $5,574.66.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/21/2014    By: /s/JAMES E. STEVENS
                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 10-75285  
**Case Name:** O'DEA, PAUL BRIAN  
O'DEA, CHRISTINE ELISE  
**Period Ending:** 01/21/14

**Trustee:** (330420) JAMES E. STEVENS  
**Filed (f) or Converted (c):** 10/25/10 (f)  
**§341(a) Meeting Date:** 12/02/10  
**Claims Bar Date:** 03/17/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 1355 Cunat Court #1C, Lake In The Hills, IL 6015<br>Orig. Asset Memo: Imported from original petition Doc# 1; | 96,500.00 | 0.00 | | 0.00 | FA |
| 2 | Checking Accout Chase Bank Acct # 79891xxxx<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 1.00 | 0.00 | | 0.00 | FA |
| 3 | Savings Account Chase Bank Acct # 291655xxxx<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 1.00 | 0.00 | | 0.00 | FA |
| 4 | Savings Account Baxter Credit Union (Savings Acc<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 300.00 | 0.00 | | 0.00 | FA |
| 5 | Goods & Furnishings<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 1,800.00 | 0.00 | | 0.00 | FA |
| 6 | Books<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 50.00 | 0.00 | | 0.00 | FA |
| 7 | Wearing Apparel<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 800.00 | 0.00 | | 0.00 | FA |
| 8 | Jewelry<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 900.00 | 0.00 | | 0.00 | FA |
| 9 | Term Life Insurance (through work)<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 0.00 | 0.00 | | 0.00 | FA |
| 10 | Term Life Insurance AFLAC<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 0.00 | 0.00 | | 0.00 | FA |
| 11 | 2005 Acura TSX 64k miles<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 | 10,150.00 | 3,528.00 | | 0.00 | FA |
| 12 | 2005 Volvo S40 54k miles | 7,775.00 | 0.00 | | 0.00 | FA |

Exhibit A

# Form 1

Page: 2

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 10-75285  
**Case Name:** O'DEA, PAUL BRIAN  
               O'DEA, CHRISTINE ELISE  
**Period Ending:** 01/21/14

**Trustee:**    (330420)    JAMES E. STEVENS  
**Filed (f) or Converted (c):** 10/25/10 (f)  
**§341(a) Meeting Date:** 12/02/10  
**Claims Bar Date:** 03/17/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
|  | Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 13 |  |  |  |  |  |
| 13 | Potential recovery from personal injury matter (u) | Unknown | Unknown |  | 48,246.56 | FA |
| 14 | Duplicate asset of 13 - entered in error<br>  Orig. Asset Memo: Imported from Amended Doc#: 13; Original asset description: Potential recovery from personal injury matter | Unknown | 0.00 |  | 0.00 | FA |
| 14 | **Assets**    Totals (Excluding unknown values) | **$118,277.00** | **$3,528.00** |  | **$48,246.56** | **$0.00** |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):**    December 31, 2012      **Current Projected Date Of Final Report (TFR):**    January 8, 2014  (Actual)

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 10-75285  
**Case Name:** O'DEA, PAUL BRIAN  
    O'DEA, CHRISTINE ELISE  
**Taxpayer ID #:** **-***0724  
**Period Ending:** 01/21/14

**Trustee:** JAMES E. STEVENS (330420)  
**Bank Name:** Rabobank, N.A.  
**Account:** ******9266 - Checking Account  
**Blanket Bond:** $277,000.00 (per case limit)  
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 11/20/13 | {13} | Charter One | Settlement monies personal injury UTMA | 1242-000 | 48,246.56 | | 48,246.56 |
| 11/26/13 | 101 | Attorney Jeffrey A. Meyer | attorney's fees & costs per court Order 9/25/11 | | | 5,996.31 | 42,250.25 |
| | | | Special Counsel Attorney's Fees    4,783.27 | 3210-600 | | | 42,250.25 |
| | | | Costs advanced by Special Counsel    1,213.04 | 3220-610 | | | 42,250.25 |
| 11/29/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 13.87 | 42,236.38 |
| 12/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 67.11 | 42,169.27 |
| | | | **ACCOUNT TOTALS** | | **48,246.56** | **6,077.29** | **$42,169.27** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | **48,246.56** | **6,077.29** | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$48,246.56** | **$6,077.29** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******9266** | 48,246.56 | 6,077.29 | 42,169.27 |
| | **$48,246.56** | **$6,077.29** | **$42,169.27** |

{} Asset reference(s)

| Printed: 01/21/14 10:27 AM | **Claims Distribution Register** | Page: 1 |

**Case:  10-75285    O'DEA, PAUL BRIAN**

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| **Secured Claims:** | | | | | | | | |
| 4 | 03/30/11 | 100 | American Honda Finance<br>Acura Financial Services<br>Po Box 168088<br>Irving, TX 75016<br><4210-00  Pers. Prop. & Intangibles--Consensual Liens (UCC, chattel, PMSI)><br>Claim No. 4 is allowed as a secured claim but it is disallowed for purposes of distribution.  The Bankruptcy Code has no provision for payment of secured claims out of the general funds of the Chapter 7 Bankruptcy Estate. (This is also a late field claim). | 302.49 | 0.00 * | 0.00 | 0.00 | 0.00 |
| | | | **Priority 100:   0% Paid** | | | | | |
| **Admin Ch. 7 Claims:** | | | | | | | | |
| | 10/25/10 | 200 | BARRICK, SWITZER, LONG,<br>BALSLEY & VAN EVERA<br>6833 STALTER DRIVE<br>ROCKFORD, IL 61108<br><3110-00  Attorney for Trustee Fees (Trustee Firm)> | 8,233.50 | 8,233.50 | 0.00 | 8,233.50 | 8,233.50 |
| | 10/25/10 | 200 | JAMES E. STEVENS<br>6833 Stalter Drive<br>Rockford, IL 61108<br><2100-00  Trustee Compensation> | 5,574.66 | 5,574.66 | 0.00 | 5,574.66 | 5,574.66 |
| | | | **Total for Priority 200:   100% Paid** | **$13,808.16** | **$13,808.16** | **$0.00** | **$13,808.16** | **$13,808.16** |
| | | | **Total for Admin Ch. 7 Claims:** | **$13,808.16** | **$13,808.16** | **$0.00** | **$13,808.16** | **$13,808.16** |
| **Unsecured Claims:** | | | | | | | | |
| 1 | 02/15/11 | 610 | CANDICA L.L.C.<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121<br><7100-00  General Unsecured § 726(a)(2)> | 3,928.00 | 3,928.00 | 0.00 | 3,928.00 | 1,838.28 |
| 2 | 03/01/11 | 610 | PYOD LLC its successors and assigns<br>as assignee of<br>Citibank, NA,c/o Resurgent Capital<br>Services,PO Box 19008<br>Greenville, SC 29602<br><7100-00  General Unsecured § 726(a)(2)> | 34,968.84 | 34,968.84 | 0.00 | 34,968.84 | 16,365.16 |
| 3 | 03/15/11 | 610 | FIA Card Services, NA/Bank of<br>America<br>by American InfoSource LP as its agent<br>PO Box 248809<br>Oklahoma City, OK 73124-8809<br><7100-00  General Unsecured § 726(a)(2)> | 21,704.77 | 21,704.77 | 0.00 | 21,704.77 | 10,157.67 |
| | | | **Total for Priority 610:   46.79927% Paid** | **$60,601.61** | **$60,601.61** | **$0.00** | **$60,601.61** | **$28,361.11** |
| | | | **Total for Unsecured Claims:** | **$60,601.61** | **$60,601.61** | **$0.00** | **$60,601.61** | **$28,361.11** |

(*) Denotes objection to Amount Filed

Printed: 01/21/14 10:27 AM

## Claims Distribution Register

Page: 2

### Case: 10-75285   O'DEA, PAUL BRIAN

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| | | | Total for Case : | $74,712.26 | $74,409.77 | $0.00 | $74,409.77 | $42,169.27 |

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-75285
Case Name: O'DEA, PAUL BRIAN
Trustee Name: JAMES E. STEVENS

**Balance on hand:** $ 42,169.27

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 4 | American Honda Finance | 302.49 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 42,169.27

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JAMES E. STEVENS | 5,574.66 | 0.00 | 5,574.66 |
| Attorney for Trustee, Fees - BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA | 8,233.50 | 0.00 | 8,233.50 |

Total to be paid for chapter 7 administration expenses: $ 13,808.16
Remaining balance: $ 28,361.11

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 28,361.11

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

**UST Form 101-7-TFR (05/1/2011)**

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 28,361.11 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 60,601.61 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 46.8 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | CANDICA L.L.C. | 3,928.00 | 0.00 | 1,838.28 |
| 2 | PYOD LLC its successors and assigns as assignee of | 34,968.84 | 0.00 | 16,365.16 |
| 3 | FIA Card Services, NA/Bank of America | 21,704.77 | 0.00 | 10,157.67 |

| | | |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 28,361.11 |
| Remaining balance: | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

**UST Form 101-7-TFR (05/1/2011)**